UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TIMOTHY LEON TERRY,

    Petitioner,

v.

GREGORY SKIPPER,

    Respondent.

Case No. 19-cv-12867
Honorable Laurie J. Michelson

**OPINION AND ORDER GRANTING PETITIONER'S MOTION TO STAY [10]AND ADMINISTRATIVELY CLOSING CASE**

Michigan prisoner Timothy Leon Terry filed a petition for habeas corpus pursuant to 28 U.S.C. § 2254 in October 2019. (ECF No. 1.) Eight months later, Terry filed a motion to stay proceedings and hold his petition in abeyance while he exhausts state court remedies. (ECF No. 10.) For the reasons that follow, the Court grants the motion to stay and administratively closes the case pending exhaustion.

Terry was convicted of second-degree murder, felon in possession of a firearm, and possession of a firearm during the commission of a felony following a jury trial in the Wayne County Circuit Court. (ECF No. 8, PageID.111.) In 2016, he was sentenced, as a fourth habitual offender, to 40 to 80 years imprisonment on the murder conviction, a concurrent term of 40 to 60 months imprisonment on the felon-in-possession conviction, and a consecutive term of two years imprisonment on the felony-firearm conviction. (*Id.* at PageID.111–112.) His direct appeals to the Michigan Court of Appeals and Michigan Supreme Court were denied. (ECF Nos. 9-10, 9-11.) In his petition, Terry raises claims concerning the effectiveness of trial counsel (multiple issues), the validity of his sentence, the jury instructions, and the conduct of the prosecutor and the suppression

of evidence. (ECF No. 1.) The warden has filed an answer to the petition contending that it should be denied because certain claims are unexhausted, certain claims are waived or defaulted, and all of the claims lack merit. (ECF No. 8.) Terry does not dispute that certain of his claims are unexhausted. Thus, this matter is now before the Court on Terry's motion to stay the proceedings and hold his habeas petition in abeyance (ECF No. 10) so that he can return to the state courts to exhaust remedies on claims concerning the effectiveness of counsel, the suppression of evidence, his due process rights, and the conduct of the prosecutor.

The doctrine of exhaustion of state remedies requires state prisoners to "fairly present" their claims as federal constitutional issues in the state courts before raising those claims in a federal habeas petition. 28 U.S.C. § 2254(b)(1)(A) and (c); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999); *McMeans v. Brigano*, 228 F.3d 674, 681 (6th Cir. 2000); *Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994).

The exhaustion requirement is met if a prisoner invokes one complete round of the state's established appellate review process. *O'Sullivan*, 526 U.S. at 845. To satisfy the exhaustion requirement, the claims must be "fairly presented" to the state courts, meaning that the petitioner must have asserted both the factual and legal bases for the claims in the state courts. *Wagner v. Smith*, 581 F.3d 410, 414 (6th Cir.2009). For a Michigan prisoner, each issue must be presented to both the Michigan Court of Appeals and the Michigan Supreme Court. *Hafley v. Sowders*, 902 F.2d 480, 483 (6th Cir. 1990). The Michigan Rules of Court provide a process through which Terry may raise unexhausted claims that he did not file on direct appeal—namely, by filing a motion for relief from judgment in the state trial court pursuant to Michigan Court Rule 6.500 *et seq* and then appealing the trial court's decision to the state appellate courts as necessary.

A federal district court has discretion to stay a habeas petition to allow a petitioner to present unexhausted claims to the state courts in the first instance and then return to federal court on a perfected petition. *Rhines v. Weber*, 544 U.S. 269, 276 (2005). Stay and abeyance is available only in "limited circumstances" such as when the one-year statute of limitations applicable to federal habeas actions poses a concern, and when the petitioner demonstrates "good cause" for the failure to exhaust state court remedies before proceeding in federal court, the unexhausted claims are not "plainly meritless," and the petitioner has not engaged in intentionally dilatory tactics. *Id*. at 277.

In this case, Terry has demonstrated the need for a stay. Terry's petition is a mixed petition because it contains both unexhausted and unexhausted claims. He wishes to fully exhaust the claims in his original petition and/or pursue new claims which have not been presented to the state courts. The one-year limitations period applicable to federal habeas actions, 28 U.S.C. § 2244(d)(1), would pose a problem for the unexhausted claims in his original petition if the Court were to dismiss the petition to allow for further exhaustion of state remedies. Additionally, Terry asserts that counsel was ineffective for failing to properly pursue his unexhausted claims in the state courts, which may provide good cause. Lastly, the Court finds that at least some of the unexhausted claims do not appear to be plainly meritless and there is no evidence of intentional delay. The fact that the warden has already filed an answer to Terry's existing claims and that the Court has conducted a preliminary review of the case also weigh in favor of a stay rather than a non-prejudicial dismissal. Because this is a mixed petition, the Court will stay the proceedings and hold the exhausted claims in the current petition in abeyance pending Terry's exhaustion of state court remedies as to any unexhausted claims. The Court make no determination as to the

procedural or substantive merits of his claims (other than to say that at least one unexhausted claim is not "plainly meritless").

Accordingly, the Court GRANTS Terry's motion to stay the proceedings and hold the habeas petition in abeyance. (ECF No. 10.) These proceedings are STAYED. The stay is conditioned on Terry presenting the unexhausted claims to the state courts within 60 days of the date of this order by filing a motion for relief from judgment with the trial court. *See Hill v. Anderson*, 300 F.3d 679, 683 (6th Cir. 2002) (discussing procedure).

IT IS ORDERED that, if Terry is unsuccessful in state court and wishes to re-open this case, he must file an amended habeas corpus petition and a motion to re-open this case, within 90 days of exhausting state remedies. The motion and amended petition shall contain the same case number that appears on this order. Any failure to comply with the conditions of this stay could result in the dismissal of the habeas petition. *See Calhoun v. Bergh*, 769 F.3d 409, 411 (6th Cir. 2014).

IT IS FURTHER ORDERED that the Clerk of the Court shall close this case for administrative purposes only. Nothing in this order shall be construed as an adjudication of Terry's claims.

SO ORDERED.

Dated: July 9, 2020

                                                        s/Laurie J. Michelson
                                                        LAURIE J. MICHELSON
                                                        UNITED STATES DISTRICT JUDGE

CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing document was served on the attorneys and/or parties of record by electronic means or U.S. Mail on July 9, 2020.

s/Erica Karhoff
Case Manager to the
Honorable Laurie J. Michelson